UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ERIN C. YOUNG,                )
                              )
       Petitioner,          )  2:07-cv-0750-KJD-PAL
                              )
vs.                           )  **ORDER**
                              )
DWIGHT NEVEN, *et al.*,       )
                              )
       Respondents.         )
_____/

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by petitioner, a state prisoner who is represented by counsel. This action is before the Court for decision on the merits of the petition.

**I. Background and Procedural History**

In the Eighth Judicial District Court of the State of Nevada, Clark County, petitioner was found guilty by a jury of attempted murder with the use of a deadly weapon. (Exhibit I).[1] Petitioner was sentenced to 66-180 months imprisonment, plus an equal and consecutive 66-180

---

[1] The exhibits referenced in this order are found in the Court's record at Docket #13.

months for the deadly weapon enhancement. The judgment of conviction was filed March 28, 2005. (Exhibit K).

Petitioner filed a direct appeal. The Nevada Supreme Court affirmed the judgment of conviction by order filed March 16, 2006. (Exhibit O). Petitioner's counsel filed a motion for rehearing. (Exhibit P). By order filed May 17, 2006, the Nevada Supreme Court denied rehearing. (Exhibit Q). Remittitur issued on June 15, 2006. (Exhibit R).

Petitioner filed a post conviction habeas petition in state district court on July 21, 2006. (Exhibit S). The district court entered findings of facts, conclusions of law, and order denying the petition on November 9, 2006. (Exhibit V). Petitioner appealed the denial of his petition. (Exhibit U). On April 4, 2007, the Nevada Supreme Court filed its order of affirmance, upholding the lower court's denial of the state habeas petition. (Exhibit X). Remittitur issued May 3, 2007. (Exhibit Y).

Petitioner dispatched his federal habeas petition to this Court on May 29, 2007. (Docket #1, Petition, at p. 1). Respondents have filed an answer (Docket #12) and petitioner has filed a reply (Docket #15). The Court now addresses the merits of the petition.

**II. Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413).  The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable.  *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

/ / / / / / / / / /

3

**III. Discussion**

    **A. Grounds 1 and 4 are Procedurally Barred**

In Ground 1 of the federal petition, petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment due process rights were violated because the trial court improperly examined the defense witness, thereby displaying partiality to the State's case and biasing the jury against petitioner. In Ground 4 of the federal petition, petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment due process rights were violated because of the trial court's failure to instruct the jury that the charges were in the alternative. Respondents contend that these grounds are procedurally barred and should be dismissed.

        **1. Procedural Default Principles**

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

> The *Coleman* Court stated the effect of a procedural default, as follows:
> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external

impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

**2. Procedural Default in State Court was Based on Independent and Adequate State Grounds**

In Ground 1 of the federal petition, petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment due process rights were violated because the trial court improperly examined the defense witness, thereby displaying partiality to the State's case and biasing the jury against petitioner. At trial, petitioner's counsel did not object to the judge's questioning of the witness. (Exhibit F, at pp. 83-86, 93-94). On review, the Nevada Supreme Court relied on *Oade v. State*, 114 Nev. 619, 621-22, 960 P.3d 336, 338 (1998). The "failure to object or assign misconduct will generally preclude review by this court. However, this court has reviewed judicial misconduct, absent the appellant's failure to preserve adequately the issues for appeal, under the plain error doctrine." *Id.* In the instant case, the Nevada Supreme Court reviewed the line of questioning for

5

1  pain error and concluded that the judge's questioning did not constitute plain error.  (Exhibit O, at p.
2  2).
3           In Ground 4, petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment due
4  process rights were violated because of the trial court's failure to instruct the jury that the charges
5  were in the alternative.  Reviewing the issue on direct appeal, the Nevada Supreme Court pointed out
6  that petitioner's counsel failed to object or request the instruction, "which generally precludes
7  appellate review except for errors that are patently prejudicial."  (Exhibit O, at p. 3).  The court cited
8  *McKenna v. State*, 114 Nev. 1044, 1052, 968 P.3d 739, 745 (1998) ("failure to object to or request a
9  jury instruction precludes appellate review, unless the error is patently prejudicial and requires the
10  court to act sua sponte to protect the defendant's right to a fair trial.").  The Nevada Supreme Court
11  concluded that, because the district court dismissed the conviction for the lesser included offense,
12  petitioner was not prejudiced by the court's failure to give the instruction.  The Nevada Supreme
13  Court did not reach the issue of whether the trial court's failure to give the instruction amounted to a
14  constitutional violation.  (Exhibit O, at pp. 3-4).
15          The Nevada Supreme Court clearly and expressly relied on Nevada's common law
16  contemporaneous objection rule to bar review of these grounds.  The contemporaneous objection
17  rule has a long history of application under Nevada common law.  *See Parker v. State*, 109 Nev. 383,
18  391, 849 P.2d 1062, 1067 (1993).  The contemporaneous objection rule relied on by the Nevada
19  Supreme Court is an independent and adequate state law basis to bar review of these grounds.
20          **3.  Cause and Prejudice**
21          Petitioner has not shown that "some objective factor external to the defense impeded"
22  his efforts to comply with the state procedural rule.  *Murray*, 477 U.S. at 488.  When a habeas
23  petitioner procedurally defaults his claim by failing to observe a state's contemporaneous objection
24  rule, his claim is precluded from review in a federal habeas court unless petitioner can show cause
25  for failing to raise the question at trial and resulting prejudice.  *Wainwright v. Sykes*, 433 U.S. 72, 87-
26

88 (1977); *Hines v. Enomoto*, 658 F.2d 667, 673 (9th Cir. 1981).  Petitioner has not shown cause for his counsel's failure to object in this instance, nor has he shown that prejudice resulted from counsel's failure to object.  This Court finds that Grounds 1 and 4 were procedurally defaulted in state court and must be dismissed on this basis.

    **B.  Ground 2**

In Ground 2, petitioner alleges five instances of ineffective assistance of counsel based on counsel's failure to object at various points during trial.

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984).  In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687).  To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness.  *Id.*  To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*  A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.*  Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight.  *Strickland,* 466 U.S. at 689.  It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v.*

*Beard,* 545 U.S. 374, 380 (2005) (quotations omitted).  If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard.  *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003).  There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.*

    **1.  Ground 2(a), (b)**

Petitioner alleges ineffective assistance for his counsel's failure to object when the trial judge "improperly examined a defense witness, thereby biasing the jury against the defense." (Petition, Ground 2(a)).  Petitioner further alleges ineffective assistance for his counsel's failure to object "when the judged asked direct questions of the witness." (Petition, Ground 2(b)).  In reviewing these claims, the Nevada Supreme Court ruled that:

> "A trial judge has the right to examine witnesses for the purpose of establishing the truth or clarifying testimony, but in doing so [s]he must not become an advocate for either party, nor conduct [her]self in such a manner as to give the jury an impression of h[er] feelings." [Footnote 7: <u>Azbill v. State</u>, 88 Nev. 240, 249, 495 P.2d 1064, 1070 (1972)].  In this case, there is no indication in the record that the trial judge acted as an advocate or conveyed her personal feelings about the case.  The trial judge's examination of Bailey was limited and permissible and merely served to establish the truth or clarify Bailey's testimony describing the attack on the victim.  Even assuming the trial judge acted impermissibly by questioning Bailey on an issue not addressed by the prosecutor, i.e. the victim's and Young's clothing, Young has failed to show that Bailey's testimony in response to the trial judge's inquiry was so significant that it changed the outcome of the trial.  Therefore, Young did not show that trial counsel was ineffective for failing to object to the trial judge's examination of Bailey.

(Exhibit X, at pp. 3-4).

The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in

light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground 2(a) and 2(b).

**2. Ground 2(c)**

Petitioner claims that his counsel failed to object to statements the prosecutor made during closing argument. Specifically, the prosecutor argued "[d]on't be fooled by [the defense witness], don't be fooled by this defendant. Use your common sense and that will lead you to the correct verdict." (Exhibit H, at p. 36). Petitioner asserts that had his counsel objected, the issue would have been preserved for appeal, which might have changed the outcome of his conviction.

The Nevada Supreme Court reviewed this claim and denied it. (Exhibit X, at pp. 2-3). The court concluded that, given the "overwhelming evidence" presented by the State in support of petitioner's conviction, petitioner "did not show that he was prejudiced by trial counsel's failure to object to the isolated remark by the prosecutor." (Exhibit X, at p. 3). The court stated that "[e]ven assuming the comment was improper, '[a] prosecutor's comments should be viewed in context' and 'a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone.'" [Footnote 1: Knight v. State, 116 Nev. 140, 144-45, 993 P.2d 67, 71 (2000) (quoting United States v. Young, 470 U.S. 1, 11 (1985))]. Further, the court noted the testimony that petitioner had threatened to kill the victim "just days before the attack," eyewitness testimony that petitioner struck the victim in the face with a metal pipe, and the fact that petitioner stipulated that the victim's injuries constituted substantial bodily harm in supporting that there was sufficient evidence to show that a jury could find petitioner guilty of attempted murder. (Exhibit O, at p. 3).

The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in

light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground 2(c).

### 3. Ground 2(d)

Petitioner claims that his trial counsel was ineffective for failing to object when the jury was not instructed that the charges were in the alternative. Petitioner alleges his sentence would have been lighter had the jury been instructed on the differences between the levels of intent of the two crimes with which he was charged.

At trial, the jury convicted petitioner of both the greater offense of attempted murder with the use of a deadly weapon, and the lesser included offense of battery with the use of a deadly weapon resulting in bodily harm. (Exhibit I). The trial court reversed the conviction on the lesser included offense and sentenced petitioner only for the attempted murder conviction. (Exhibit J, at p. 4).

In reviewing this claim in petitioner's state habeas petition, the Nevada Supreme Court pointed out that:

> In this case, the elements of the greater offense of attempted murder with the use of a deadly weapon were sufficiently established, and the district court dismissed the conviction for the lesser-included battery offense. Accordingly, Young did not show that he was prejudiced by trial counsel's failure to request an instruction informing the jurors that the counts were charged in the alternative.

(Exhibit X, at p. 5). The Nevada Supreme Court specifically ruled that the elements of the offense of attempted murder were "sufficiently established" to enable the jury to adjudge him guilty on that charge, and presumably, that included the intent element. The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground 2(d).

10

#### 4. Ground 2(e)

Petitioner claims that his counsel was ineffective for failing to object when the court admitted cumulative prosecution evidence in rebuttal testimony. Petitioner refers to the state's rebuttal witness, Anna Zavala: "Mrs. Zavala's testimony amounted to cumulative evidence in the same vein as the State's case in chief." (Petition, at p. 9). In reviewing this claim on appeal from the denial of the state petition, the Nevada Supreme Court ruled that:

> [T]he district court has discretion with respect to the admission of evidence and is not required to exclude testimony merely because it is cumulative. Accordingly, Young did not demonstrate that he was prejudiced by trial counsel's failure to object to the admission of cumulative evidence.

(Exhibit X, at p. 7). The Nevada Supreme Court cited NRS 48.035(2), which states that "relevant [] evidence may be excluded if its probative value is substantially outweighed by . . . [the] needless presentation of cumulative evidence." The Nevada Supreme Court noted that, under state law, an objection would not have been sustained. A federal habeas court does not re-examine state court determinations as to state law. *Lambright v. Stewart*, 191 F.3d 1181, 1183 (9th Cir. 1999). Because state law does not support such an objection, counsel's performance could not have been deficient. Further, petitioner cannot show resulting prejudice. Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground 2(e).

### C. Ground 3

Petitioner alleges that there was insufficient evidence that he committed the crime of murder with the use of a deadly weapon. Petitioner raised this claim on direct appeal. The Nevada Supreme Court reviewed the record and found sufficient evidence to establish guilt beyond a reasonable doubt "as determined by a rational trier of fact." (Exhibit O, at p. 3). The court applied

the sufficiency of the evidence standard set forth in *Wilkins v. State*, 96 Nev. 367 (1980), which is "not whether this Court is convinced of the defendant's guilt beyond a reasonable doubt, but whether the jury, acting reasonably, could have been convinced to a certitude by the evidence it had a right to consider." *Wilkins*, 96 Nev. at 374. This standard is consistent with the clearly established federal law set out by the United States Supreme Court. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Herrera v. Collins*, 506 U.S. 390, 402 (1993). The Nevada Supreme Court's review of the record revealed sufficient evidence from which a rational jury could determine petitioner's guilt of attempted murder with the use of a deadly weapon, beyond a reasonable doubt, which included testimony that petitioner had threatened to kill the victim "just days before the attack," eyewitness testimony that petitioner had struck the victim in the face with a metal pipe, and the fact that petitioner stipulated that the victim's injuries constituted substantial bodily harm. (Exhibit O, at p. 3).

The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground 3.

**D.  Ground 5**

Petitioner alleges that the State violated his due process rights by excluding the only African-American jury panel member on discriminatory grounds. The Nevada Supreme Court reviewed this claim on direct appeal and on appeal from the denial of his state habeas petition, as follows:

> Fifth, Young contends the district court violated Batson [Footnote 7:Batson v. Kentucky, 476 U.S. 79 (1986)] by permitting the State to exclude the only African-American venire panel member on discretionary grounds. To establish a prima facie case that peremptory

> challenges were used in a racially discriminatory manner, appellant must show that the prosecutor exercised his peremptory challenges to remove potential jurors from the venire because of their race. [Footnote 8: See Kaczmarek v. State, 120 Nev. 314, 332-33, 91 P.3d 16, 29 (2004)]. However, the State provided a long list of permissible, race neutral reasons for dismissal of a juror, and as a result, Young has failed to demonstrate a prima facie case of racial discrimination. [Footnote 9: See id.].

(Exhibit O, at p. 4). The prosecutor said she challenged the potential juror because he had a prior criminal conviction for drug possession and that she had concerns that he could not sit in fair judgment of the case. Further, the prosecutor pointed out that she had also challenged two other potential jurors who were not African American for criminal convictions for drug possession, and that there were three other potential jurors who were minorities who were not challenged. (Exhibit X, at p. 6; Exhibit D, at pp. 81-84).

The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground 5.

## IV. Certificate of Appealability

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that petitioner's motion for copy fees (Docket #19) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 14th day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE